# PATTERSON *v.* UNITED STATES.

BILL OF EXCEPTIONS; APPEAL AND ERROR; CERTIORARI; DIMINUTION OF
RECORD.

1. Where a bill of exceptions has been regularly settled and made a part of
   the record, this court has no power to order its correction, and a
   motion to remit it will be denied.
2. The parties to an appeal were allowed to enter into a stipulation in-
   corporating into the record a statement which the trial court had
   ordered to be incorporated therein, but which had been omitted there-
   from, provided the stipulation was promptly filed.
3. A writ of certiorari to bring up a part of the record on appeal, omitted
   from the transcript, was granted, although it did not appear that
   it was of any relevancy.

No. 2362.   Motion to remit bill of exceptions submitted December 9, 1911.
   Decided December 28, 1911.   Motion for certiorari submitted Janu-
   ary 5, 1912.   Decided January 5, 1912.

MOTION to remit bill of exceptions, and suggestion of dim-
inution of record, and motion for writ of certiorari.
         *First motion denied, second granted in part.*

*Mr. J. E. Collins* for the motion.

There was no appearance in opposition.

Mr. Chief Justice SHEPARD delivered the opinion of the Court
on the motion to remit the bill of exceptions:

The appellant, J. W. Patterson, has filed a motion entitled
"a motion to remit the bill of exceptions."

The facts alleged in the motion are that the bill of excep-
tions in the record is inaccurate.   It appears that the parties
were unable to agree on the bill, and the court refused to sign
the one tendered by the appellant.   After much delay the bill

of exceptions was signed and certified to by the trial justice, and is contained in the transcript of the record.

The bill of exceptions having been regularly signed and made a part of the record, must be accepted. This court has no power to correct a bill of exceptions. The motion is therefore denied.

It appears, however, by allegation, that in preparing the bill of exceptions, a certain statement was directed by the trial justice to be incorporated therein, and it is alleged by the appellant that it was too late then to have same added to the bill of exceptions, because it was in the hands of the clerk for transmission to this court. The District Attorney admits that there was such addition, a copy of which is contained in his answer to the motion. He states that it was the fault of the appellant that the same was not made a part of the bill. He announces his readiness to agree with the appellant to the statement referred to, and that the same may be filed in this court and made an addition to the record.

If the appellant shall agree with the District Attorney and enter into a stipulation incorporating the said omission into the record in this court, the same will be permitted, if promptly done.

The motion to remit the bill of exceptions for amendment is denied.                                    *Denied.*

Thereafter the appellant, suggesting a diminution of the record, moved for a writ of certiorari.

Mr. Chief Justice SHEPARD delivered the opinion of the court:

Grounds 1 and 2 of this motion show that the matters therein should appear in the bill of exceptions. If omitted therefrom, then, as heretofore held, the bill of exceptions cannot be corrected.

While it does not appear that the part of the record referred to in paragraph 3 is of any relevancy, the certiorari as to that part is ordered.                              *Granted.*